UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMMIE WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:03CV852 CDP |
| | ) |
| JAMES ANTHONY GAMMON, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Petitioner Kimmie Watts is currently incarcerated at the Eastern Reception and Diagnostic Center pursuant to the sentence and judgment of the Circuit Court of Marion County, Missouri. Watts was convicted by a jury on two counts of delivery of a controlled substance and was sentenced as a persistent drug offender to two concurrent terms of twenty-five years imprisonment. Watts raises numerous grounds in his request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I will deny his petition for writ of habeas corpus.

### I. Factual Background

On January 21 and February 2, 1999, Sergeant Douglas Rader of the Northeast Missouri Narcotics Task Force directed two drug purchases from Watts using a confidential informant. On each occasion Sgt. Rader met with the confidential informant before the purchase, and the informant was searched for

drugs or contraband and then given pre-recorded twenty-dollar bills. The informant wore a body wire. The informant set up the drug purchases by calling a pager, and then went to Watts' home in Hannibal, Missouri. On each occasion the police officer could hear part of the conversation that the informant and Watts had, and on each occasion he recognized the other voice as that of Watts. The confidential information returned from each purchase with crack cocaine and without the money.

Based on this information, officers obtained and executed a search warrant at Watts' home. The search recovered a cellular telephone, a pager, four hundred dollars (including some of the twenty-dollar bills that had been pre-recorded for the drug purchase), and a loaded .22 caliber pistol. The loaded gun and the money were found in a safe in the kitchen. No drugs were recovered in the search. The pager found in Watts' home matched the phone number the informant had called to set up the transactions.

## II. Procedural Background

Watts was found guilty of two counts of delivery of a controlled substance. He was later sentenced as a persistent drug offender to two concurrent terms of twenty-five years imprisonment. He filed a direct appeal, raising the sole ground that the admission of the gun found with the money violated his due process rights

because it was irrelevant to the crimes charged. On November 28, 2000, the Missouri Court of Appeals summarily affirmed Watts' conviction and sentence.

Watts then brought a motion in the Circuit Court of Marion County for post-conviction relief pursuant to Mo. S.Ct. Rule. 29.15. His initial motion was filed pro se, and raised numerous grounds, including some of those raised again in this habeas petition. Counsel was then appointed and filed an amended motion, which alleged ineffective assistance of trial counsel. The sole claim of ineffectiveness was that Watts' first counsel did not inform him of the range of punishment he faced if sentenced as a persistent offender, and that if counsel had so informed him, he would have accepted the prosecution's initial plea offer of an eight-year sentence. After an evidentiary hearing, the trial court denied the 29.15 motion. The trial court considered only the ground raised in the amended motion. Watts then raised that sole claim on appeal, and the Missouri Court of Appeals affirmed the trial court's denial of post-conviction relief.

### III. Grounds Raised

Watts seeks federal habeas relief on the following grounds:

1. Trial counsel provided ineffective assistance because counsel failed to challenge the sufficiency of the indictment.

2. Direct appeal counsel was ineffective by failing to brief and argue seven claims on appeal, including

    insufficiency of the evidence and numerous claimed evidentiary errors.

 3. The evidence was insufficient to prove Watts guilty beyond a reasonable doubt.

 4. Admission of the gun violated Watts' rights to due process because the gun had no connection to the offense.

 5. The motion court erred in denying Watts' argument that trial counsel was ineffective.

 6. Watts was deprived of due process and equal protection because the motion court failed to comply with the the requirements of Mo. S.Ct. Rule 29.15.

## IV. **Legal Standards**

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). To meet the exhaustion requirement, a petitioner must "'fairly present' federal claims to the state courts in order to give the State the

'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Conner, 404 U.S. 270, 275 (1971)).

Habeas petitioners must comply with state procedural rules in presenting their claims, and if a state court refuses to hear the claim based on an adequate and independent state rule – whether substantive or procedural – the claim is procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 729 (1991). When a petitioner procedurally defaults on a claim in state court, that claim is not preserved for federal habeas corpus review. See Fleiger v. Delo, 16 F.3d 878, 884 (8th Cir. 1994). In order to overcome procedural default of a claim, a petitioner must demonstrate cause for the default and prejudice from the alleged violations of the Constitution, or must show that failure to consider the claims would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. at 750. To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [his] efforts to comply" with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). The "miscarriage of justice" exception applies only where the petitioner is "actually innocent" of the crime for which he was convicted. McCoy v. Lockhart, 969 F.2d 649, 651 (8th Cir. 1992).

If a claim is not procedurally barred, the court will then apply the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

28 U.S.C. § 2254, to the claim itself. Under section (d), when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus shall not be granted unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

In Shafer v. Bowersox, the Eight Circuit articulated the standards for subsection (1) as follows:

> The "contrary to" clause is satisfied if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." A case cannot be overturned merely because [the court] incorrectly applies federal law, for the application must also be "unreasonable."

329 F.3d 637, 646-47 (8th Cir. 2003) (quoting Williams v. Taylor, 529 U.S. 362, 405, 411, 413 (2000)).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court

proceedings,' 28 U.S.C. § 2254(c)(2), only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003) (citing 28 U.S.C. § 3354(e)(1) and Boyd v. Minnesota, 274 F.3d 497, 501 n.4 (8th Cir. 2001)).

V.  **Discussion**

Respondent contends that grounds 1 through 3 are procedurally barred because they were not properly presented to the state courts. He argues that ground 4 should be denied on the merits, and that the two remaining grounds are not cognizable in a petition for writ of habeas corpus.

### Grounds 1 - 3: Procedural Bar

Respondent is correct that Watts did not properly raise grounds one through three in the state courts, and these grounds are procedurally barred. In the first claim, Watts alleges that his trial counsel was ineffective for failing to challenge the sufficiency of the indictment. In his second ground Watts raises seven claims of ineffective assistance of direct appeal counsel, complaining of counsel's failure to raise on appeal insufficiency of the evidence and certain evidentiary errors. The third claim directly challenges the sufficiency of the evidence at trial.

While all three of these claims were included in Watts' initial pro se Rule 29.15 motion, when counsel was appointed he did not include them in the amended

motion. The motion court did not consider these claims, and they were not raised on appeal from the denial of the post-conviction motion.

"Federal courts may not consider claims made in habeas petitions unless those claims have first been fairly presented to the appropriate state court." Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999). Because Watts did not pursue these claims in state court, he has procedurally defaulted on his available state court remedies. When a petitioner procedurally defaults on a claim in state court, that claim is not preserved for federal habeas corpus review. See Fleiger, 16 F.3d at 884.

In order to overcome procedural default of a claim, a petitioner must demonstrate cause for the default and prejudice from the alleged violations of the Constitution or, alternatively, must show that failure to consider the claims would result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. Watts has not provided any basis for this court to find that the procedural bar has been overcome, and my independent review of the file shows none. Although he raised them in his initial post-conviction motion, when counsel was appointed Watts abandoned these claims. As there is no basis to set aside the procedural default, these claims are barred from federal habeas review.

### Ground 4: Admission of the Gun

Watts' fourth ground for relief alleges that the trial court erred in overruling

his objection to evidence of the gun found in the safe. Watts claims that allowing this evidence violated his rights to due process and a fair trial pursuant to the Fifth, Sixth and Fourteenth Amendments, because it was irrelevant and its prejudicial impact outweighed any possible probative value. This was the sole ground Watts raised on his direct appeal. The Missouri Court of Appeals summarily denied the claim.

"[I]it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam)). Similarly, the AEDPA mandates that a federal court shall review a petition for habeas corpus relief "pursuant to the judgment of a state court only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Although the admissibility of evidence at a state trial is a matter of state law and ordinarily will not form the basis for federal habeas relief, a federal court may grant habeas relief when a state court's evidentiary ruling "infringes upon a specific federal constitutional right or is so grossly or conspicuously prejudicial that it fatally infected the trial and denied the defendant the fundamental fairness

that is the essence of due process." Maynard v. Lockhart, 981 F.2d 981, 986 (8th Cir. 1992) (quoting Berrisford v. Wood, 826 F.2d 747, 749 (8th Cir. 1987)); see also, Turner v. Armontrout, 845 F.2d 165 (8th Cir. 1988). To meet this standard, Watts "must show a reasonable probability that the error affected the trial's outcome." Troupe v. Groose, 72 F.3d 75, 76 (8th Cir. 1995). "The habeas petitioner must establish an error which demonstrates a violation of due process by a burden much greater than that required on direct appeal and even greater than the showing of plain error." Mendoza v. Leapley, 5 F.3d 341, 342 (8th Cir. 1993).

Watts cannot make such a showing. The evidence was properly admitted under Missouri law. Missouri law holds that drug-related items -- including guns -- may be used to show that a defendant intended to possess drugs or was involved in the drug business. See State v. Steward, 844 S.W.2d 31, 34-35 (Mo. Ct. App. 1992). Here, Watts' possession of the gun was legally relevant to show that Watts knowingly and intentionally possessed illegal drugs.

The evidence of the gun was properly admitted under state law, and Watts has shown no deprivation of fundamental unfairness or due process of law. The evidence against Watts was strong, and included the presence of the pre-recorded bills, the officers' testimony about the confidential informant entering Watts' home with money and no drugs but leaving with drugs and no money, the officer's recognition of Watts' voice in the conversations with the confidential informant,

and the pager's number corresponding with that called by the informant to set up the deals. The conclusions of the state court that the evidence was properly admitted are not contrary to, or an unreasonable application of, clearly established federal law. Accordingly, Watts' fourth ground for habeas relief is denied.

### Ground 5:  Ineffective Assistance of Trial Counsel

Respondent asserts that Watts' fifth claim for relief is not cognizable in federal habeas. That might be correct if the claim is construed literally, that is, as a claim that the post-conviction motion court committed error under state law. I believe, however, that this claim is actually an independent claim of ineffective assistance of counsel, raising the same ground that was raised in the 29.15 motion and in the appeal from the denial of that motion. As it was properly presented to the state courts, I will reach it on the merits. After doing so, however, I conclude that the state court conclusion that counsel was not ineffective is not contrary to or an unreasonable application of federal law, nor is it based on an unreasonable determination of the facts.

To establish a claim of ineffective assistance of counsel a petitioner must show that his trial counsel did not perform to the degree of skill of a reasonably competent attorney, and that as a result, he was prejudiced. Strickland v. Washington, 466 U.S. 668, 687 (1984). In Strickland, the Supreme Court outlined a two-prong test for ineffective assistance of counsel claims. First, the petitioner

-11-

must identify specific acts or omissions made by counsel that "were outside the wide range of professionally competent assistance." Id. at 690. Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Failure to satisfy either of these prongs is fatal to the claim. See Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997).

The Court in Strickland cautioned that "judicial scrutiny of counsel's performance must be highly deferential." Further, when measuring the reasonableness of an attorney's acts or omissions at trial, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.

In discussing this claim, the Missouri Court of Appeals described the facts:

> On March 10, 1999, the State filed an information charging Movant with two counts of the class A felony of distribution of a controlled substance near schools. Class A felonies are punishable by a prison term of between ten and thirty years or by life imprisonment. § 558.011, R.S.Mo 2000. On the morning of the preliminary hearing, the State verbally tendered a plea offer in which the State offered to reduce the charges to a class B felony and to recommend a sentence of eight years, contingent upon Movant waiving the preliminary hearing and entering a plea at arraignment. Movant's attorney, Charles Stine, relayed the offer to Movant, who rejected it. The State then withdrew its offer.
>
> Shortly thereafter, Mark Evans replaced Stine as Movant's

attorney. On November 2, 1999, the State tendered a second plea offer. This time, the State offered to recommend a sentence of two consecutive ten-year prison terms. The State also threatened to amend the information and charge Movant as a persistent drug offender. A persistent drug offender must serve his sentence without parole or probation. § 195.291, R.S.Mo 2000. Again, [Movant's] attorney relayed the offer and Movant rejected it. The State withdrew [the offer] and amended the information to charge Movant as a persistent drug offender.

The Court of Appeals correctly summarized Watts' argument:

> Specifically, [Movant] contends Stine failed to advise him that the State could amend its information, charge him as a persistent drug offender and, thereby, expose him to a maximum sentence of two life terms of imprisonment without parole. He further contends Stine failed to inform him that the state would withdraw its initial plea offer after the preliminary hearing. Finally, he contends that, had Stine adequately advised and informed him, he would have accepted the state's initial offer.

The Missouri Court of Appeals then correctly discussed the Strickland standards and agreed with the motion court's finding that counsel was not ineffective. The Court noted the presumption that defense counsel's conduct was proper, and deferred to the motion court's determination of credibility. That court had not believed Watts' testimony that Stine failed to fully discuss the State's plea offer. The Court went on to say:

> Second, Stine was not ineffective, even if he failed to predict the State's decision to amend the information. A plea attorney is obligated to explain the range of punishment. However, "the ration of punishment that must be explained is the punishment applicable to the offense charged *at the time* the advice is give." Dennis v. State, 51 S.W.3d 877, 878-79 (Mo. App. W.D. 2001) (emphasis in original).

-13-

> At the time of the State's initial plea offer, Movant was charged with committing a class A felony and was not charged as a persistent drug offender. Movant did not adduce any evidence that Stine failed to advise him of the range of punishment for a class A felony. Nor did he adduce evidence that Stine had any information that would lead a reasonably competent attorney to believe the State was going to charge him as a persistent drug offender. <u>Id</u>. Stine was not required to predict that the State might elect to use sentence-enhancing provisions nor was Stine required to advise Movant of all possible contingencies. <u>Id</u>.; <u>See also</u> <u>Ross v. State</u>, 26 S.W.3d 600, 602 (Mo. App. S.D. 2000).

Here the state court correctly identified the governing legal principle set forth by the Supreme Court in <u>Strickland</u>, and then correctly applied the <u>Strickland</u> standard when it deferred to the trial court's determination of Watts' credibility, found that trial counsel was not obligated to predict all possible future charges, and held that the first prong of <u>Strickland</u> was not satisfied. Based on my independent review of the evidence, I cannot conclude that this was an unreasonable determination of the facts, or that the legal conclusion was contrart to <u>Strickland</u>.

**Ground 6: Failure of Motion Court to Comply with 29.15**

In Watts' sixth ground, he claims that the post-conviction motion court violated his due process rights by failing to comply with certain provisions of Rule 29.15. Respondent urges that this claim is not cognizable in a federal habeas action, and I agree.

Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a). Section 2254 does not authorize federal courts to review allegations of "infirmities in a state post-conviction relief proceeding." Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990). Watts' claim that the state court failed to comply with Missouri Supreme Court Rule 29.15 is not cognizable in this action. Thus, I will deny Watts' sixth and final ground for habeas relief.

### VI. Conclusion and Certificate of Appealability

After a through review of the record in this case, I find that all of Watts' grounds for habeas relief are either procedurally barred, noncognizable, or fail on the merits, and must be denied.

Under 28 U.S.C. § 2253, an appeal may not be taken to a court of appeals from the final order in a § 2254 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the applicant must make a substantial showing of the denial of a federal constitutional right. 28 U.S.C. § 2253(c)(2); see Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Watts has not made such a showing here, and I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Kimmie E. Watts for a writ of habeas corpus [#1] pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a certificate of appealability.

**IT IS FURTHER ORDERED** that the referral of this matter to Magistrate Judge Thomas C. Mummert is VACATED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of March, 2006.